UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

KERMAS A. PATTERSON　　　　　　　　　　　　　　　　CASE NO. 18-10443
　　DEBTOR　　　　　　　　　　　　　　　　　　　　　　　CHAPTER 13

MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO CLAIM
OF FIDELITY NATIONAL TITLE INSURANCE COMPANY

Chapter 13 debtor Kermas Anthony Patterson objects to the claim of Fidelity National Title Insurance Company ("Fidelity") as derivative of a debt he discharged in his prior chapter 7 case.[1] Fidelity responds that the obligation was not discharged in the prior case because it arose after the debtor's discharge; and that in any case this court cannot revisit the debtor's liability to Fidelity because a state court already rendered judgment against the debtor implicitly rejecting his affirmative defense of discharge in bankruptcy.

Neither party disputes the material facts.

This opinion explains the reasons for sustaining the debtor's objection to Fidelity's proof of claim.

**FACTS**

Kermas Anthony Patterson has learned firsthand that "no good deed goes unpunished." After receiving a discharge in a 2009 chapter 7 case,[2] Fidelity later obtained a state court judgment against him in connection with a transaction involving a prebankruptcy judgment lien. Among Patterson's creditors in 2009 was EMC Mortgage Corporation, owed $148,015.38

---

[1] Objection to Claim No. 2 filed by Fidelity National Title Insurance Company [P-46, ¶15].

[2] Patterson filed a chapter 7 petition assigned case no. 09-11303 in the Middle District of Louisiana on August 24, 2009.

1

secured by a conventional mortgage on Patterson's immovable property.[3] Patterson scheduled his debt to EMC,[4] which did not file a proof of claim though it later obtained relief from the automatic stay to foreclose on the property.[5] Patterson's personal liability for the debt was discharged while EMC retained its state law remedies against the collateral.[6]

Sometime between Patterson's 2009 bankruptcy discharge and January 11, 2011, Kondaur Capital Corporation acquired EMC's note. At Kondaur's request, Patterson gratuitously signed a deed in lieu of foreclosure in Kondaur's favor on January 16, 2011. The deed in lieu of foreclosure Patterson signed provided that the transfer was made with "all legal warranties."[7] Fidelity issued a policy of title insurance for the transaction, but its agent failed to note in examining the title that Charles Carter[8] held a judicial mortgage on the property. Kondaur later discovered that it did not have clear title to the property and filed a claim on Fidelity's policy. Fidelity paid Carter $85,000 to release the judgment and settled with Kondaur. Fidelity then

---

[3] EMC's Motion for Relief from Stay on 400 McHugh Road, Unit 16, P-22 in case no. 09-11303.

[4] P-13, Schedule D, case no. 09-11303.

[5] Order granting relief from the automatic stay, P-49 in case no. 09-11303.

[6] *See In re Jackson*, 554 B.R. 156, 165 (B.A.P. 6th Cir. 2016), *aff'd*, 2017 WL 8160941 (6th Cir. Oct. 18, 2017) ("The discharge of personal obligations through a Chapter 7 discharge does not terminate a secured creditor's in rem rights unless the creditor's lien was avoided during the bankruptcy.").

[7] Fidelity exhibit no. 1, p.5. *See also* La. Civ. Code art. 2500 ("The seller warrants the buyer against eviction, which is the buyer's loss of, or danger of losing, the whole or part of the thing sold because of a third person's right that existed at the time of the sale. The warranty also covers encumbrances on the thing that were not declared at the time of the sale, with the exception of apparent servitudes and natural and legal nonapparent servitudes, which need not be declared.")

[8] Carter had filed his prepetition judgment for $223,091.83 against Patterson and Greatness Enterprises, LLC, Patterson's business, *in solido,* in the parish mortgage records on May 14, 2007. Patterson disclosed the debt to Carter on his 2009 bankruptcy schedules, so his personal liability on that debt was discharged in the same manner as his personal liability on the EMC mortgage.

2

sued Patterson in state court and obtained a judgment for $85,000 plus costs and interest.[9] No party appealed the judgment, which is now final.

Patterson later filed a chapter 13 petition. Fidelity's proof of claim for $85,000 is based on the state court judgment.

## ANALYSIS

Patterson objects to Fidelity's claim as one based on—indeed deriving from—a discharged debt. He argues that Fidelity (as Kondaur's subrogee) violated the discharge injunction[10] by seeking to reaffirm a discharged debt without approval of the bankruptcy court. As the mover, Patterson bears the burden of proving[11] that Fidelity's judgment violated his discharge injunction.[12] To defeat Fidelity's claim, Patterson must produce "evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."[13]

---

[9] *Fidelity Nat'l Title Ins. Co. v. Kermas Anthony Patterson and Mable Deneen Patterson*, No. 650,624, Sec. 24, Nineteenth Judicial District Court, East Baton Rouge Parish. Fidelity voluntarily dismissed its claims against Mrs. Patterson before judgment.

[10] 11 U.S.C. §524.

[11] *In re Perry*, 404 B.R. 196, 212 (Bankr. S.D. Tex. 2009) ("A proof of claim that complies with the Bankruptcy Rules is deemed *prima facie* valid until the debtor overcomes the presumption of validity pursuant to 11 U.S.C. § 502(b).")

[12] At no point did the debtor argue that Fidelity's claim was not entitled to *prima facie* validity under Fed. R. Bankr. P. 3001. The debtor's challenges focus on the nature of Fidelity's claim as being derivative of an invalid judgment.

[13] *In re Leverett*, 378 B.R. 793, 799 (Bankr. E.D. Tex. 2007).

### The *Rooker-Feldman* Doctrine does not apply when the discharge injunction has been violated.

Fidelity counters the debtor's objection by arguing that it did not violate the discharge injunction and further, that the *Rooker-Feldman* doctrine[14] prevents this court from revisiting its state court judgment against Patterson. The *Rooker-Feldman* doctrine rests on the statutory proposition that federal district courts have original, but not appellate, jurisdiction[15] and lack authority to review most state court final judgments, a power reserved to the United States Supreme Court.[16] The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[17] It "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions."[18]

*Rooker-Feldman*'s interplay with the Bankruptcy Code is far from straightforward. The doctrine has been held to apply in bankruptcy proceedings[19] but does not deprive bankruptcy courts of all authority to exercise their powers under the Bankruptcy Code. As the Ninth Circuit

---

[14] The *Rooker-Feldman* doctrine is derived from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923).

[15] *See* 28 U.S.C. §§ 1331 and 1332.

[16] 28 U.S.C. § 1257(a).

[17] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[18] *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). *See also Avoyelles Pub. Co. v. Ieyoub*, 133 F. Supp. 2d 460, 464-5 (W.D. La. 2000).

[19] *Besing v. Hawthorne (Matter of Besing)*, 981 F.2d. 1488 (5th Cir. 1993) ("'The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings],'" quoting *In re G & R Mfg. Co.,* 91 B.R. 991, 994 (Bankr. M.D. Fla.1988)).

4

explained, "The *Rooker-Feldman* doctrine has little or no application to bankruptcy proceedings that invoke substantive rights under the Bankruptcy Code or that, by their nature, could arise only in the context of a federal bankruptcy case. Bankruptcy courts may avoid state court judgments in core bankruptcy proceedings, *see, e.g.,* 11 U.S.C. §§ 544, 547, 548, 549, may modify judgments, *see, e.g.,* 11 U.S.C. §§ 1129, 1325, and…may discharge them, *see, e.g.,* 11 U.S.C. §§ 727, 1141, 1328."[20]

Without citing any authority for his position, the debtor argues that the claim objection process is an independent action under the Bankruptcy Code. According to the debtor, objecting to Fidelity's claim is wholly different from seeking a federal court's review and rejection of a state court judgment. The debtor's blanket proposition is incorrect: an objection to a claim based on a state court judgment indeed can be a collateral attack on that judgment, and so barred by *Rooker-Feldman.*[21] But that does not mean that the debtor is without a remedy because the Fifth Circuit recognizes an exception to the *Rooker-Feldman* doctrine when a state court judgment violates a debtor's discharge.[22] Fidelity argues that the discharge injunction exception is inapplicable because its predecessor in interest's lien on the property "rode through" the bankruptcy. Fidelity contends as a result that its claim against the debtor, which was based on the warranties in the deed in lieu of foreclosure that Patterson gave Kondaur, did not violate the discharge injunction.

---

[20] *Sasson v Sokoloff (In re Sasson)*, 424 F.3d 864, 871 (9th Cir. 2005).

[21] *See Al-Sedah v. State of Alabama Department of Revenue (In re Al-Sedah)*, 347 B.R. 901, 904 (Bankr. N.D. Ala. 2005) ("Application of the *Rooker–Feldman* doctrine is especially applicable in the claims litigation process. Where a debtor objects to a claim that is based on a state court judgment, thereby attempting to collaterally attack the judgment in bankruptcy court, the *Rooker–Feldman* doctrine bars that attack.")

[22] *Compare Aguiluz v. Bayhi (Matter of Bayhi)*, 528 F.3d 393, 402 (5th Cir. 2008). *Bayhi* is distinguishable because in contrast to Patterson's case, the underlying debt was held never to have been discharged; thus, the creditor's attempts to compel payment the debtor to pay it post-discharge did not violate the discharge injunction.

Fidelity's reasoning ignores the fact that the debtor's *personal* liability on the mortgage lien did not "ride through" the bankruptcy. The debtor was relieved of any personal liability for that debt when he received his 2009 discharge. Fidelity, as Kondaur's successor in interest, violated the discharge injunction by relying on language in the deed that resurrected the debtor's discharged *in personam* liability for the lien.

Fidelity cites in support *Hedges v. Resolution Trust Corp.*,[23] where the Ninth Circuit Court of Appeals held that a purchaser of property at a trustee's sale was not barred by the discharge injunction from evicting the debtor and seeking post-petition rent. In reaching its decision, that court explained that the creditor "was not seeking to collect a pre-petition debt, something that would not be permitted under Section 524."[24] But *Hedges* is distinguishable because here Fidelity does indeed seek to recover from Patterson a debt he was judicially relieved of paying. So Fidelity's reliance on *Hedges* is misplaced and the state court judgment holding the debtor personally liable is unenforceable under 11 U.S.C. § 524.

### The deed in lieu of foreclosure did not create a new, post-discharge obligation independent of its pre-petition lien.

Fidelity argues in the alternative that the debtor's signing the deed in lieu of foreclosure created a "new" post-discharge obligation that is independent of the debtor's 2009 discharge, which only applied to pre-petition obligations.[25] Fidelity's argument hinges on this court's concluding that Patterson's signing the deed in lieu of foreclosure was an independent action unrelated to any pre-petition connection between the parties.

---

[23] 32 F.3d 1360 (9th Cir. 1994).

[24] *Id.* at 1363.

[25] Fidelity's Opposition to Claim Objection and Incorporated Memorandum [P-49], pp. 8-11.

No party denies that the mortgage lien on the property survived the debtor's 2009 bankruptcy. Fidelity failed to offer any evidence that the property transfer was independent of the lienholder's attempt to satisfy its *in rem* rights. Indeed, Fidelity admits that its predecessor in interest's mortgage rights were still an issue when the debtor was asked to sign the deed.[26] The document Fidelity relies on to support its claim is a deed in lieu of foreclosure, which necessarily rests on the premise that its predecessor in interest already held an interest in the immovable property. Additionally, nothing in the record supports a finding that the debtor received anything for the transfer: his signing the document was gratuitous.

Fidelity failed to refute the evidence of a connection between the post-petition property transfer and the lienholder's *in rem* interest in the land.

### Issue preclusion does not bar the debtor from challenging the obligation underlying Fidelity's claim as a violation of the discharge injunction.

Finally, Fidelity alleges that the doctrines of *res judicata* and issue preclusion bar the debtor from asserting as a defense that the judgment violated the discharge injunction in his case.

The Ninth Circuit Bankruptcy Appellate Panel explains the issue:

> Issue preclusion bars relitigation of issues that have been actually litigated. The doctrine is intended to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at the apple. Issue preclusion bars relitigation of an issue of fact or issue that: (1) is identical to a fact or issue determined in an earlier proceeding, (2) was actually decided by a court in an earlier action, (3) the issue was necessary to the judgment in such action, (4) there was a final judgment on the merits, and (5) the parties are the same.[27]

---

[26] Fidelity's Reply and Supplemental Memorandum in Opposition to Claim Objection [P-57], p. 1.

[27] *Lopez v. Emergency Service Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 104 (B.A.P. 9th Cir. 2007).

Fidelity argues that the facts support issue preclusion. Patterson argues here,[28] as he did in state court,[29] that Fidelity's obtaining a judgment against him stemming from his signing the deed in lieu of foreclosure violated the bankruptcy discharge injunction under 11 U.S.C. §524.

Fidelity's argument has some appeal. The state court order rejecting Patterson's argument[30] preceded this case, and in connection with Patterson's opposition to Fidelity's motion for summary judgment the court necessarily considered whether Fidelity's predecessor in interest violated the discharge injunction.[31] Further, the state court judgment is now final and non-appealable, and the parties are identical.[32]

But Fidelity's argument fails to acknowledge that a state court lacks jurisdiction to determine whether a discharge injunction has been violated. Fidelity wrongly equates a state court's concurrent jurisdiction to construe whether a specific debt is within the penumbra of the debtor's discharge[33] with the jurisdiction to determine whether the discharge injunction has been

---

[28] *See* n. 1.

[29] Fidelity exhibit no. 4, pp. 6-7.

[30] Fidelity exhibit no. 7, the April 27, 2017 Judgment in favor of Fidelity and against Kermas Patterson. *See also O'Rorke v. Porcaro (In re Porcaro)*, 545 B.R. 384, 400 (B.A.P. 1st Cir. 2016) ("An issue may be 'actually' decided even if it is not *explicitly* decided, for it may have constituted, logically, or practically, a necessary component of the decision reached in the prior litigation.") (emphasis in original).

[31] That the state court judgment stems from a motion for summary judgment does not bar application of issue preclusion. *See Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264 (5th Cir. 2005) ("[C]ourts regularly apply the doctrine of issue preclusion in instances when there has not been a trial or evidentiary hearing in the first case….Courts also apply the doctrine of issue preclusion to issues decided on summary judgment—which itself does not require a trial or evidentiary hearing."). *See also* 18 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE §132.03 ("Issue preclusion generally applies when the prior determination is based on a motion for summary judgment.").

[32] *Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").

[33] *See Stabler v. Beyers (In re Stabler),* 418 B.R. 764, 770 (B.A.P. 8th Cir.2009) (with a few exceptions, "state courts have concurrent jurisdiction to determine the dischargeability of a debt," as well as "whether [certain debts] constituted post-petition debts outside the penumbra of the discharge and discharge injunction."); *McGhan v. Rutz (In re McGhan),* 288 F.3d 1172 (9th Cir.2002); *Lenke v. Tischler, et al. (In re Lenke),* 249 B.R. 1 (Bankr.D.Ariz.2000) ("'[T]he bankruptcy court's jurisdiction [to determine that a debt has been discharged] is

violated. The latter power is reserved to the bankruptcy court that granted the discharge.[34] "The concern of the drafters of § 524 was that a creditor whose debt was discharged would bring suit 'in a local court after the granting of the discharge, and if the debtor failed to plead the discharge affirmatively, the defense was deemed waived and an enforceable judgment could then be taken against him or her.'"[35] For that reason, section 524 "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived."[36] As the Ninth Circuit Bankruptcy Appellate Panel explained in *In re Pavelich*, "[t]he statutory voidness and statutory injunction created by § 524(a) operate to strip a state court of the subject matter jurisdiction to require a debtor to pay a discharged debt."[37]

Because the state court lacked the jurisdiction to decide whether the lienholder's action violated the discharge injunction, the debtor is not precluded from raising the issue in his claim objection.

---

concurrent with that of the appropriate local court.'") (brackets in original; quoting from 1A *Collier On Bankruptcy* § 17.28A at 1739 (14th ed.1978)).

[34] *Cf. Hamilton v. Herr, et al. (In re Hamilton),* 540 F.3d 367, 373 (6th Cir.2008) ("[s]tate courts have unbridled authority to determine the dischargeability of debts" but an incorrect interpretation that effectively modifies the discharge order is ineffective.).

[35] *Hamilton v. Herr, et al. (In re Hamilton)*, 540 F.3d 367, 372 (6th Cir. 2008) quoting 4 COLLIER ON BANKRUPTCY ¶524.LH[1], at 524-57 (Lawrence P. King ed., 15th ed.).

[36] 11 U.S.C. §524(a)(1).

[37] *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP et al. (In re Pavelich)*, 229 B.R. 777, 782 (B.A.P. 9th Cir. 1999), *as amended* (Feb. 22, 1999).

**The debtor carried his burden of proof on his claim objection.**

Having established that the *Rooker-Feldman* doctrine and collateral estoppel do not bar the debtor from raising the issue of his discharge injunction in his claim objection, the only remaining question is whether the debtor carried his burden of proof on his objection.

The evidence established that a 2009 chapter 7 discharge relieved the debtor of all personal liability for his mortgage debt to EMC. By operation of law, the lienholder's *in rem* rights on the land remained intact through the bankruptcy. The mortgage creditor had two ways of acquiring the immovable property after Patterson's discharge: (1) the debtor either could voluntarily transfer the immovable property to the lienholder; or (2) the lienholder could file a state court foreclosure proceeding. In 2011 the debtor signed a deed in lieu of foreclosure to transfer the immovable property to Kondaur, EMC's successor as mortgage lienholder. Fidelity issued a title insurance property after its agent failed to identify an unsatisfied judicial mortgage recorded against the property. Fidelity then sued the debtor and obtained a state court judgment for damages. Fidelity's claim rests on a state court judgment taken in violation of the debtor's discharge injunction. The Bankruptcy Code renders that judgment void.[38]

The debtor has carried the burden of proof on his objection.

## CONCLUSION

The debtor's objection to Fidelity's claim is sustained.

Baton Rouge, Louisiana, February 12, 2019.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[38] 11 U.S.C. § 524(a).